UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MICAH JACKSON | ) |
| | ) CASE NO. _____ |
| Plaintiff, | ) |
| | ) |
| v. | ) JUDGE _____ |
| | ) |
| LIBERTY MUTUAL GROUP, | ) |
| | ) MAGISTRATE JUDGE _____ |
| Defendants. | ) |
| | ) |
| | ) |

## NOTICE OF REMOVAL

Defendant Liberty Insurance Corporation ("Liberty"), improperly named in the Complaint as Liberty Mutual Group, serves notice upon the Court and Plaintiff of the removal of the above-captioned action from the Chancery Court for Williamson County, Tennessee, Case No. 42150, to the United States District Court for the Middle District of Tennessee, Nashville Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support, Liberty states as follows:

**I.    THE COMPLAINT AND STATUS OF PROCEEDINGS IN STATE COURT**

1.    On May 29, 2013, Plaintiff Micah Jackson filed a civil action entitled "Complaint for Class Action Relief and Individual Relief" ("Complaint") in the Chancery Court for Williamson County, Tennessee.

2.    Plaintiff's Complaint improperly names "Liberty Mutual Group" as the defendant in this action. (Compl., p. 1). Exhibit 1 of Plaintiff's Complaint identifies Liberty Insurance Corporation as the entity that issued Plaintiff's homeowners' insurance policy. (Compl., Ex. 1); (Declaration of Brian Duval, at ¶ 5 (attached as Exhibit A)). Liberty Insurance Corporation is the proper party to defend this action and there exists no legal entity known as "Liberty Mutual Group." (Declaration of Brian Duval, at ¶ 4).

3. A summons and complaint were served by certified mail upon Liberty on June 19, 2013. A copy of the Complaint and Summons served on Liberty is attached as Exhibit B. A copy of all process, pleadings, and orders served upon Liberty are attached to this Notice of Removal as required by 28 U.S.C. § 1446(a).

4. No responsive pleadings have been filed by Liberty in the state court action.

5. As stated in more detail below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Liberty has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

## II. LIBERTY HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

6. The removed action is a civil action over which this Court has original subject matter jurisdiction under 28 U.S.C. § 1332 and removal is proper under 28 U.S.C. § 1441 in that it is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

7. Liberty was served with the Complaint, through its statutory agent, on June 19, 2013. Ex. A. Accordingly, as this Notice of Removal is being filed within 30 days of service, the Notice is timely under 28 U.S.C. § 1446(b).

8. Venue in this Court is proper under 28 U.S.C. § 1441(a) as the court from which this case was removed, Williamson County, Tennessee, is within the Middle District, Nashville Division. Thus, this Court "embrac[es] the place where such action is pending." 28 U.S.C. § 1441(a).

9. No previous notice of removal has been filed.

10. Liberty has filed this Notice of Removal with this Court, is contemporaneously serving a copy of the Notice of Removal upon counsel for Plaintiff, and is filing a copy of this Notice of Removal in the Williamson County, Tennessee, court pursuant to 28 U.S.C. § 1446(d). A copy of the state court docket sheet, as of July 17, 2013, for the matter removed to this Court is attached as Exhibit C.

### III. BASIS FOR DIVERSITY JURISDICTION

11. Pursuant to 28 U.S.C. § 1332, the "district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between-- . . . citizens of different States; . . ." 28 U.S.C. § 1332(a).

12. <u>Plaintiff's Citizenship</u>. Plaintiff owns property in and is a resident of Nolensville, Tennessee. (Compl. ¶¶ 1, 4, 8, Ex. 1). Plaintiff is therefore a citizen of Tennessee.

13. <u>Liberty's Citizenship</u>. Liberty is an Illinois corporation with its principal place of business in Boston, Massachusetts. (Declaration of Brian Duval, at ¶¶ 6-7). Therefore, Liberty is a citizen of Illinois and Massachusetts for diversity purposes under 28 U.S.C. § 1332(a) & (c)(1).

14. Complete diversity of citizenship exists under 28 U.S.C. § 1332, because Plaintiff is a citizen of Tennessee and Liberty is a citizen of Illinois and Massachusetts.

15. <u>Amount in Controversy</u>. Liberty expressly disputes any liability to Plaintiff or to a putative class for either monetary or equitable relief, under any claim, and expressly disputes that Plaintiff's Complaint states a claim upon which relief can be granted or otherwise presents a justiciable controversy. Solely for purposes of this Notice of Removal, and no other, Liberty establishes that the amount in controversy exceeds the minimum $75,000 based on the allegations of the Complaint, but does not thereby admit or acknowledge the allegations of the Complaint or that it is liable to Plaintiff or a putative class for monetary or equitable relief.

16. Plaintiff alleges in the Complaint that Liberty is liable to Plaintiff, in addition to prejudgment interest, fees, and costs, for the costs of all structural repairs for damage to Plaintiff's residence resulting from a sinkhole loss up to and including the total applicable limits of Plaintiff's coverage. (Compl. ¶ 65). Plaintiff alleges he is entitled to receive damages for home repairs, including "but not limited to, remediation of subsurface conditions and restoration of the foundation, cosmetic repair, repair of the cracks, structural repair, temporary repairs and other structurally necessary repairs." (Compl. ¶ 33).

17. Plaintiff's prayer for relief likewise requests damages "including *but not limited to* the full cost of repair or replacement of Plaintiff's home; . . ." (Compl. at p. 14) (emphasis added). Per Plaintiff's Complaint, the full cost of replacement of Plaintiff's home would be $174,500.00—the limits of Plaintiff's dwelling coverage. (Compl. ¶ 16; Exhibit A, ¶ 5 (a certified copy of Plaintiff's homeowners' policy is attached as Exhibit 1 to the attached Declaration of Brian Duval)).

18. Plaintiff also alleges entitlement to an amount equal to 25% of the liability for the loss pursuant to Tenn. Code Ann. § 56-7-105. (Compl. ¶ 81). Because Plaintiff alleges damages up to the limits of Plaintiff's policy, Plaintiff's alleged statutory penalty may amount to as much as $43,625.

19. Plaintiff also alleges punitive damages in the Complaint. Allegations of punitive damages may also be considered in determining the amount in controversy. *Charvat v. EchoStar Satellite, LLC*, 630 F.3d 459, 462 (6th Cir. 2010).

20. Additionally, Plaintiff seeks recovery of attorneys' fees in the Complaint. (Compl. at p. 14). Attorneys' fees as requested relief may also be considered in determining the

amount in controversy. *Hollon v. Consumer Plumbing Recovery Ctr.*, 417 F. Supp.2d 849, 852 (E.D. Ky. 2006).

21. Thus, for purposes of determining the amount in controversy, the amount of monetary relief alleged in Plaintiff's Complaint includes $221,125.00 in damages and statutory penalties even before consideration of claimed punitive damages and attorneys' fees.

22. Because there exists complete diversity of citizenship and because this action involves more than $75,000 in controversy, removal of this case is proper pursuant to 28 U.S.C. § 1332.

23. Based on the foregoing, Defendant Liberty Insurance Corporation requests that this Court assume full jurisdiction over this case as provided by law.

Respectfully submitted,

/s/ Brian C. Neal
Brian C. Neal (BPR No. 22532)
Stites & Harbison PLLC
401 Commerce Street, Suite 800
Nashville, TN 37219
Telephone: 615.782.2323
Facsimile: 615.742.4104
*brian.neal@stites.com*

Rodger L. Eckelberry, *pro hac vice admission pending*
Trischa Snyder Chapman, *pro hac vice admission pending*
Baker Hostetler LLP
Capitol Square, Suite 2100
65 East State Street
Columbus, OH 43215-4260
Telephone: 614.228.1541
Facsimile: 614.462.2616
*reckelberry@bakerlaw.com*
*tchapman @bakerlaw.com*

*Counsel for Defendant Liberty Insurance Corporation*

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a true and accurate copy was served by first class U.S. Mail, postage pre-paid, and electronic mail upon the following on this 18th day of July, 2013.

Joshua E. Burnett
Sonya S. Wright
Marshall Thomas Burnett
214 West Main Street
Murfreesboro, TN 37130

*Counsel for Plaintiff*

                                    /s/ Brian C. Neal